Salas Soler, Juez Ponente
*1105 TEXTO COMPLETO DE LA RESOLUCION
Acuden ante este Circuito las farmacias La Inmaculada, Del Valenciano, Del Pueblo I, Del Pueblo II, Borínquen y Del Pilar, mediante un recurso de Revisión Administrativa, en el que solicitan la revisión y revocación de la resolución emitida por la Honorable Secretaria de Salud, el 30 de noviembre de 1998. Mediante ésta, se otorgó el Certificado de Necesidad y Conveniencia solicitado por la farmacia Walgreens of Puerto Rico Inc., para establecer una farmacia Walgreens en Juncos. Luego de considerar detenida y cuidadosamente la comparecencia de los peticionarios, así como el derecho aplicable, resolvemos que procede no expedir el recurso solicitado.
I
El día 13 de marzo de 1998, Walgreens of Puerto Rico Inc. (en adelante Walgreens), presentó una Solicitud de Certificado de Necesidad y Conveniencia (en adelante CNC) para establecer una farmacia Walgreens en el Centro Comercial Juncos Plaza, en Juncos Puerto Rico, ante la Secretaría para la Reglamentación y Acreditación de Facilidades de Salud (en adelante SARAFS).
El 1ro. de mayo de 1998, SARAFS notificó por correo la solicitud de CNC de Walgreens a las posibles partes afectadas; a saber, la farmacia Del Valenciano localizada dentro del radio de la milla de la propuesta farmacia y las farmacias La Inmaculada y Del Pueblo II, localizadas fuera del radio de la milla, pero próximas al perímetro de la milla radial. Las farmacias antes mencionadas y algunas otras se opusieron a que se concediera la referida certificación.
En la vista pública que se realizara el día 28 de agosto de 1998, las farmacias opositoras se allanaron a la petición de Walgreens de no participar en la vista excepto la farmacia Del Valenciano que se encontraba dentro del área de servicio propuesta y la farmacia Inmaculada que se encontraba próxima a ésta.
Luego de examinar toda la prueba presentada y admitida en evidencia, considerar el testimonio de los testigos presentados, así como las estipulaciones de las partes, el Departamento de Salud concedió el CNC a la proponente Walgreens por considerar que lo propuesto es necesario y conveniente.
Inconformes con esta decisión, las farmacias Inmaculada, Del Valenciano, Del Pueblo I, Del Pueblo II, Borínquen y Del Pilar acuden ante nos con el recurso de epígrafe en el que en síntesis alegan que la Secretaria de Salud: "1) erró al otorgar el CNC solicitado, pues la acción propuesta no es viable; 2) erró por emitir una resolución a pesar de que faltaban partes indispensables y de que se le negó el derecho a ser oídas a varias de las opositoras recurrentes durante el proceso de adjudicación; 3) erró al otorgar el CNC solicitado a pesar de que la prueba presentada era insuficiente; 4) violó la veda electoral al emitir una resolución durante el período preeleccionario."
Analizado el recurso presentado denegamos expedir el recurso solicitado.
II
A. En cuanto al error señalado relacionado con que se violó el derecho de algunas partes a ser oídas y que se emitió una resolución a pesar de que faltaban partes indispensables, determinamos que el mismo no se cometió.
Alegar en esta etapa apelativa que la agencia administrativa no concedió el derecho a las partes a ser oídas es contrario a la prueba que consta en el expediente. Surge del propio expediente que las farmacias Del Pueblo I, Borínquen y Del Pilar no participaron en la vista administrativa porque se allanaron a la petición de Walgreens, de no participar ya que se encontraban fuera del área de servicio. También consta en el expediente prueba a los efectos de que Walgreens se opuso a la participación de la farmacia Del Pueblo II, ya que ésta no contestó el Interrogatorio cursádole por ella.
Así las cosas y luego de un análisis de las diferentes posiciones, la Oficial Examinador determinó que las farmacias que participarían en el proceso lo sería la farmacia Valenciano, ubicada dentro del área de servicio propuesta, y a manera de excepción por su proximidad al área de servicio propuesta, la farmacia Inmaculada.
*1106 En síntesis, las farmacias apelantes no pueden alegar ahora, que no tuvieron oportunidad a ser oídas, cuando fueron ellas las que accedieron en allanarse a la petición de Walgreens de que no participaran en el procedimiento administrativo.
B. En tomo al error señalado relacionado con que se violó la veda electoral al emitirse la resolución durante el período pre-eleccionario, concediendo el CNC concluimos que tampoco se cometió.
Como bien señalan los recurrentes en el recurso de epígrafe, la resolución objeto de este recurso se dictó el 30 de noviembre de 1998, es decir, a tan sólo 13 días de que se celebrara el plebiscito sobre status, el pasado 13 de diciembre. En lo que no tienen razón los peticionarios es en que la Secretaria de Salud, actuó incorrectamente al emitir una resolución en la mencionada fecha concediendo un CNC aún cuando la See. 2 de la Ley Núm. 139 del 18 de julio de 1986, establece una prohibición de expedir o solicitar los CNC dos meses antes o dos meses después de la celebración de las elecciones generales. (Enfasis nuestro) 24 L.P.R.A. Sec. 334il.
La Ley Electoral claramente define las "elecciones generales" como aquel proceso mediante el cual los electores seleccionan a los funcionarios que han de ocupar cargos públicos electivos en el Gobierno, 16 L.P.R.A. See. 3003(16). Esta misma sección en su inciso quince (15) define "elecciones" como un término genérico que contempla tanto las elecciones generales así como primarias, referéndums, plebiscitos y elecciones especiales. 16 L.P.R.A. 3003(15). Toda vez que la sección 334Í-1, supra, adoptó como parte de su fraseología las palabras "elecciones generales" y no "elecciones", es procedente concluir que el Departamento de Salud no violó la veda electoral.
C. Los señalamiéntos de error primero y tercero se relacionan con la suficiencia o más bien, carencia de prueba vertida en el procedimiento administrativo para sostener el otorgamiento del CNC a Walgreens. '
Los peticionarios sustentan el primer error señalado en el recurso de epígrafe, alegando que la oficial examinadora actuó incorrectamente al utilizar la "población flotante" como factor determinante al considerar la viabilidad del CNC propuesto y en vez de la "población fija" como requiere el Reglamento Núm. 89 del Departamento de Salud y el Memorando 1997-1 del 4 de diciembre de 1997.
En lo que respecta a este señalamiento, la oficial examinadora señala en la página 15 de su informe, y a nuestro juicio correctamente, que:

"aunque el Memorando circular 1997-1 del Departamento menciona que se considerara la población fija para evaluar la necesidad actual y proyectada de la población a ser afectada por la transacción propuesta, dicho Memorando no contiene una enumeración taxativa de los factores a considerarse y no excluye la consideración de la población flotante".

También vale la pena señalar, a modo de ilustrar, el hecho de que el nuevo Reglamento Núm. 89 tiene como propósito el liberalizar el procedimiento de la concesión de los CNC solicitados ante el Departamento. Por lo que, resulta ser una inferencia lógica y correcta, la determinación que hiciera la oficial examinadora en la página 16 de su Informe cuando señala que "resulta obvio que si bajo un esquema reglamentarlo más rígido, como lo era el derogado Reglamento 56 del Departamento de Salud, donde la población flotante era un factor a considerarse, bajo el nuevo reglamento más liberal, más aún debería considerarse dicha población".
Es decir, que la propia agencia en el ejercicio de su "expertise" y discreción entendió la importancia de considerar el factor de la población flotante al momento de evaluar la viabilidad de la farmacia, toda vez que la misma, será establecida en un Centro Comercial que rendirá servicios no tan solo a la población fija dentro del radio de una milla del lugar propuesto, sino que también a todo el pueblo en cuestión y pueblos limítrofes.
Por otro lado, el recurso de autos no nos pone en condición de determinar la insuficiencia de la prueba que se señala en el tercer error. El mismo carece de: a) un proyecto de exposición narrativa de la prueba oral vertida en el caso conforme a la Regla 67 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII A; b) las páginas 2 a la 48 de la transcripción de la prueba que se *1107 presenta en el apéndice; c) el informe o testimonio del perito economista de los peticionarios; y d) el informe de SARAP. Como es sabido, el derecho apelativo no es automático, conlleva diligenciamiento y un perfeccionamiento adecuado. Aunque el recurso de epígrafe fue radicado de forma oportuna, lo cierto es que dicho recurso no cumple, como hemos visto, con algunos de los requisitos exigidos por el Reglamento del Tribunal de Circuito de Apelaciones, aprobado el 25 de abril de 1996 y en vigor desde 1ro. de mayo de 1996.
En adición a lo antes dicho, es importante recordar que el Departamento de Salud retiene su discreción para expedir o denegar certificados, siempre y cuando, al hacerlo está cumpliendo con la política pública de la agencia. Entendemos que según la prueba pericial, documental, y testifical que obra en el expediente, Walgreens justificó su petición de forma sustancial y conforme a derecho.
Reiteradamente se ha señalado que los organismos administrativos merecen gran deferencia y respeto por parte de los tribunales ya que dichas agencias poseen la experiencia y pericia en áreas bajo su competencia. García Oyóla v. Junta de Calidad Ambiental, Opinión del 21 de febrero de 1997, 97 J.T.S. 25; Maysonet Felicié v. Corporación del Fondo del Seguro del Estado, Opinión del 30 de diciembre de 1996, 96 J.T.S. 169. A tal respecto,, se ha reconocido por estudiosos del tema que las conclusiones legales de la agencia que están comprendidas en la pericia y especialización de la agencia, no deben ser sustituidas por el tribunal, sino que deben someterse a la prueba de la razonabilidad y no a recurrir a la autoridad independiente del tribunal para imponer sus propias concepciones jurídicas. 3 Kenneth Culp Davis, Administrative Law Treatise, 517.16 (332), 2 ed. 1984. Por ello, se ha reconocido jurisprudencialmente que los tribunales apelativos no intervendrán en las decisiones de los organismos administrativos, salvo que datos hubiesen actuado arbitraria o ilegalmente o en forma tan irrazonable que su actuación constituya un abuso de discreción. Fuertes v. A.R.P.E., Opinión del 17 de diciembre de 1993, 93 J.T.S. 165. Las determinaciones y conclusiones de derecho hechas por la agencia gozan de una presunción de regularidad y corrección que no serán alteradas si están sostenidas por evidencia sustancial que obre en el expediente administrativo. Metropolitan S.F. v. A.R.P.E., Opinión del 10 de abril de 1995, 95 J.T.S. 39.
En ausencia de prueba que demuestre que el Departamento de Salud actuó arbitraria o ilegalmente, o en forma tan irrazonable que su actuación constituyó un abuso de discreción este tribunal no intervendrá con el referido dictamen. Fuertes v. A.R.P.E., supra.
ni
Por los fundamentos esbozados anteriormente, se deniega el recurso solicitado.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General